IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02510-CNS-SBP

LISA RAGSDALE and
CARL YOCKMAN, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

HARMONY LEADS, INC.,

    Defendant.

---

ORDER ON MOTION TO BIFURCATE THE DISCOVERY SCHEDULE
(ECF No. 23)

---

**Susan Prose, United States Magistrate Judge**

This matter is before the court on defendant Harmony Leads, Inc.'s ("Harmony") Motion to Bifurcate the Discovery Schedule, ECF No. 23 ("Motion"), after the motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Memorandum of Referral, ECF No. 25. Plaintiffs Lisa Ragsdale and Carl Yockman, who bring claims individually and on behalf of all others similarly situated ("Plaintiffs"), are opposed. Response, ECF No. 26. The court heard oral arguments on the Motion on February 6, 2025. Courtroom Minutes, ECF No. 29. For the reasons below, the court respectfully **GRANTS** the Motion.

Plaintiffs filed suit asserting violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. *See* Complaint, ECF No. 1. Generally, Plaintiffs allege that they were sent text messages without their consent. *See generally id.* In addition to their individual claims, Plaintiffs also bring this case as a purported class action on behalf of all others

1

similarly situated. Harmony contends that Plaintiffs cannot properly represent a class because there are unique legal and factual issues related to their individual claims. *See* Motion at 1. Based on these issues, Harmony asks the court to enter a scheduling order setting a bifurcated discovery schedule with initial discovery to be conducted on Plaintiffs' individual claims, with class discovery to follow after the court determines whether the individual claims should proceed. *See id.*

In deciding whether to bifurcate discovery in putative class actions, courts look to both Federal Rules of Civil Procedure 23 and 42(b). *Klassen v. SolidQuote LLC*, No. 23-cv-00318-GPG-NRN, 2023 WL 5497865, at *2 (D. Colo. Aug. 23, 2023). The latter provision affords a trial court considerable discretion to bifurcate proceedings "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The court's exercise of its discretion to bifurcate discovery is guided by four considerations: "(1) [the] overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice likely to flow from the grant or denial of a stay of class discovery." *Pavelka v. Paul Moss Ins. Agency, LLC*, No. 1:22-cv-02226, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023). In the end, though, the decision whether to bifurcate is a discretionary one. *Klassen*, 2023 WL 5497865, at *2 (collecting cases).

Harmony's primary argument in support of its request to bifurcate discovery is its assertion that the court's resolution of several legal issues may dispose of Plaintiffs' individual claims. If that is the case, it argues that Plaintiffs will be unable to serve as class representatives,

and therefore, it should be spared the costly burden of engaging in class discovery until the court has determined that Plaintiffs' individual claims have sufficient merit to move forward.

Courts in similar circumstances have bifurcated discovery along the lines Harmony proposes. *See, e.g.*, *Pavelka*, 2023 WL 3584695, at *2-3 ("In cases asserting both individual liability and potential 'class action' claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.") (citations omitted). The theory behind bifurcation is that limiting initial discovery to the individual claims of the named plaintiffs could save the parties and the court the time and resources that would be needlessly consumed by class discovery should the narrow issues on the individual claims prove dispositive. *Id.* (citations omitted).

Despite well-reasoned decisions reaching a contrary conclusion, *see Klassen*, 2023 WL 5497865, at *2-3 (concluding that bifurcation is not appropriate because it leads to disputes between what is individual and class discovery), the court is ultimately persuaded by *Pavelka* and the line of cases finding bifurcated discovery to be warranted in circumstances such as those here. Because there are discrete, narrow issues which may dispose of Plaintiffs' individual claims, the court concludes that the most expeditious course is to limit discovery to those individual claims before authorizing discovery on the putative class claims. Doing so will save the resources of the parties and the court in the event that Plaintiffs' individual claims are dismissed. Additionally, the court finds that setting an aggressive schedule on the individual claims will serve to promote Rule 23's goal that class certification be decided at "an early practicable time" and minimize the prejudice caused by delaying class discovery.

3

Accordingly, the Motion to Bifurcate the Discovery Schedule, ECF No. 23, is **GRANTED**. The parties shall submit a proposed scheduling order within 14 days of this Order proposing deadlines setting forth the scope of the first phase of discovery on the individual claims and proposed dates for completing that discovery. The court anticipates that the parties will move to quickly and efficiently complete discovery on Plaintiffs' individual claims.[1]

DATED: May 9, 2025

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").