**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

---

LISA RAGSDALE and CARL YOCKMAN, *on behalf of themselves and all others similarly situated,*

Plaintiffs, **Case No.: 1:24-cv-02510-CNS-SBP**

v.

HARMONY LEADS, INC.,

Defendant.

---

**PROPOSED PHASE ONE BIFURCATED DISCOVERY SCHEDULING ORDER**

Lisa Ragsdale and Carl Yockman ("Plaintiffs"), and Harmony Leads, Inc. ("Defendant"), by and through their respective counsel, hereby submit this Proposed Scheduling Order regarding the first phase of bifurcated discovery, concerning Plaintiffs' individual claims, pursuant to the Court's Order dated May 9, 2025 (ECF No. 31).

**1. DATE OF CONFERENCE AND OF COUNSEL**

The Parties conferred via Zoom on May 19, 2025. Counsel for the Parties were as follows:

Alex D. Kruzyk
PARDELL, KRUZYK & GIRIBALDO, PLLC
7500 Rialto Blvd., Suite 1-250
Austin, Texas 78735
Direct: (737) 310-3210
akruzyk@pkglegal.com

Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Ave.
Ambler, PA 19002
Direct Line: (267) 468-5374
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

*Counsel for Plaintiffs*

Justin Klaeb
Robert A. Schultz, Esq.
MORTENSON TAGGART ADAMS LLP
300 Spectrum Center Drive, Suite 1200
Irvine, CA 92618
Phone: (949) 774-2224
jklaeb@mortensontaggart.com
rschultz@mortensontaggart.com

*Counsel for Defendant Harmony Leads, Inc.*

## 2. DISCOVERY LIMITATIONS

The Parties are agreeable to the default limitations set forth in Fed. R. Civ. P. 26-37.

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The Parties request imposition of the standard restrictions of 25 interrogatories per side and 10 depositions per side, cumulative across both phases of bifurcated discovery.

b. Limitations which any party proposes on the length of depositions.

Seven hours per deponent. Depositions conducted during the first phase of bifurcated discovery may be adjourned and continued during the second phase.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

Plaintiffs propose 50 requests for production and 25 requests for admission.

Defendant proposes the default 25 requests for production and 25 requests for admission, cumulative across both phases of bifurcated discovery.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

45 days before the phase one discovery end date.

e. Other Planning or Discovery Orders

Motions to compel and/or motions for protective order should be filed 10 days prior

to the phase one discovery end date.

**3. PHASE ONE SCHEDULE**

a. Phase One Fact Discovery Cut-off:

October 1, 2025 or four months from entry of the phase one scheduling order by the Court, whichever is later.

b. Post-Phase One Summary Judgment Deadlines

Defendant's proposal:

The Court's Standing Order Regarding Federal Rule of Civil Procedure 56 Motions shall apply to any post-phase one motion for summary judgment pursued by Defendant. Phase two discovery shall not commence until any such motion for summary judgment or partial summary judgment is decided by the Court.

To the extent a motion to compel filed by Defendant (or a motion for protective order filed by Plaintiffs) is pending at the close of phase one fact discovery, the triggering event for Defendant to comply with the Court's Standing Order Regarding Federal Rule of Civil Procedure 56 Motions within ten days shall be the denial of such motion to compel (or granting of such motion for protective order) or the production of the discovery materials compelled by order of the Court.

Plaintiffs propose below that by virtue of the Court's ordering of bifurcated discovery, Defendant be required to wholesale waive any protections afforded by the one-way intervention doctrine at the outset of phase one discovery. Nothing justifies this request, and Plaintiffs fail to support it with any authority. Should the one-way intervention doctrine become relevant via a summary judgment filing after phase one of discovery, the parties and the Court can address the merits of that issue at that time. Resolving the issue now based on brief "arguments" contained in a proposed schedule for phase one would be premature, improper, and unduly prejudicial to Defendant. Indeed, Defendant cannot even make a knowing waiver of anything at this time before phase one discovery concludes and a determination is made regarding the nature and scope of a possible summary judgment motion. *See Jemaneh v. University of Wyoming*, 82 F.Supp.3d 1281, 1308 n16 (D. Colo. 2015) (recognizing that "any waiver must be knowing and voluntary"); *Rodriguez v. GC Pizza LLC*, No. 4:20-CV-3106, 2022 WL 4368353 at *7 (D. Neb.) (Sept. 21, 2022) (recognizing that any potential waiver depends upon whether the defendant seeks adjudication relevant to class merits). Plaintiffs cite to no authority, and Defendant is aware of none, where a court ordered that a defendant waived protections afforded by the one-way intervention doctrine at the time bifurcation was ordered, and solely as a result of bifurcation being ordered. Plaintiffs' plain attempt to require Defendant to preemptively waive protections afforded by the one-way intervention doctrine so that *Plaintiffs* can be

permitted to file a motion or cross-motion for summary judgment after phase one should summarily be rejected. The purpose of bifurcated discovery is to potentially narrow or eliminate claims before costly class-wide discovery commences, not to provide a backdoor avenue for Plaintiffs to improperly seek summary judgment prior to class certification.

Plaintiffs' proposal:

Plaintiffs consent to the deadlines and procedures contemplated by Defendant's proposal, with a critical caveat: by seeking bifurcation of individual merits issues before addressing class issues and the propriety of class certification, the Court should clarify and order that, in doing so, Defendant necessarily waives the protection of the one-way intervention doctrine.

Under the one-way intervention doctrine, plaintiffs are precluded from moving for class certification after receiving a positive ruling on a claim's merits. *See generally Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. 2016). The one-way intervention rule is intended "to protect defendants from unfair 'one-way intervention,' where the members of a class not yet certified can wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one." *Rivera v. Ryder Integrated Logistics, Inc.*, No. CV 22-267-GW-Ex, 2022 U.S. Dist. LEXIS 232104, at *12 (C.D. Cal. Dec. 27, 2022). Thus, by seeking and inviting summary judgment disposition prior to the Court ruling on a motion for class certification, Defendant necessarily waives the protections of the one-way intervention doctrine. *See generally id.* at *12-13 ("Here, Defendants ask for a ruling on their motion, knowing that class certification may occur later.") (collecting cases); *Roberts v. Am. Airlines, Inc.*, 526 F.2d 757, 762-63 (7th Cir. 1975) (holding that "the defendants, by moving for summary judgment prior to the class determination and the sending out of class notice, assumed the risk that a judgment in their favor would not protect them from subsequent suits by other potential class members").

Finding otherwise would unfairly prejudice Plaintiffs and lead to immense delay, because two outcomes would necessarily follow: either (1) Plaintiffs would simply be banned from moving for summary judgment should the first phase of discovery bear out in their favor, despite Defendant demanding the phased approach; or (2) Plaintiff would be stuck in an unfair situation, not knowing whether they would be *allowed* to move for summary judgment, since such action would be contingent upon Defendant's initiation of the Court's summary judgment procedures, and then requiring an immediate scramble to prepare a cross-motion in the event Defendant elects to brief the issue. The simplest, and fairest approach, is for the Court to hold that, by demanding phased discovery and inviting summary judgment prior to class certification, the parties may each pursue summary judgment without running afoul of the one-way intervention doctrine.

Of course, should Defendant decline to move for summary judgment, then the entire phased portion of discovery will prove to be an unproductive delay in resolution of this matter.

**4. DATES FOR FURTHER CONFERENCES**

a. Deadline to file further proposed scheduling order:

Defendant's proposal:

The parties shall submit a proposed scheduling order for phase two of bifurcated discovery within 14 days of Defendant's decision not to file a motion for summary judgment or partial summary judgment following phase one of bifurcated discovery. If Defendant files a motion for summary judgment or partial summary judgment following phase one, the parties shall submit a proposed scheduling order for phase two of bifurcated discovery, if necessary, at the Court's direction following resolution of such post-phase one motion for summary judgment or partial summary judgment. Proceeding with phase two discovery while a motion for summary judgment is pending, especially given the Court's gatekeeping function via its Standing Order Regarding Federal Rule of Civil Procedure 56 Motions, would undermine the cost and time savings achieved through bifurcated discovery. In other words, proceeding with phase two discovery prior to resolution of a motion for summary judgment would potentially eliminate the benefits of bifurcating discovery.

Plaintiffs' proposal:

Plaintiffs object to the notion that class discovery should be stayed (again) should Defendant elect to move for summary judgment. For the reasons already articulated at ECF No. 26 at 11-13, staying discovery pending a ruling on a motion for summary judgment or partial summary judgment would further risk the deletion of relevant records[1] and would delay resolution of this matter by many months, if not years. One need look no further than this docket for an example: Defendant filed motions to dismiss and to strike on October 28, 2024. Seven months have elapsed without a ruling on those motions. It is likely that staying class discovery pending resolution of summary judgment motions would involve delay of *at least* the same length of time.

Therefore, Plaintiffs propose that the parties submit a proposed scheduling

---

[1] Many of these records are likely held overseas, and some may be implicated by a bankruptcy filing involving Defendant's affiliate entity, Leadpoint Inc. *See Berger v. Leadpoint, Inc.*, Case No. 2:24-cv-04542-MCSSK, ECF No. 40 (C.D. Cal. Feb. 3, 2025).

order for phase two of bifurcated discovery on or before October 22, 2025. If Defendant has a basis to seek a stay of discovery, it should be entitled to an opportunity to advance that through motion practice.

**5. AMENDMENTS TO SCHEDULING ORDER**

*The scheduling order may be altered or amended only upon a showing of good cause.*

DATED at Denver, Colorado, this ________day of ________________, 20___.

BY THE COURT:

______________________________
Susan Prose
United States Magistrate Judge

APPROVED:

*/s/ Alex Kruzyk*
Alex D. Kruzyk
Bryan A. Giribaldo
PARDELL, KRUZYK & GIRIBALDO, PLLC
7500 Rialto Blvd., Suite 1-250
Austin, Texas 78735
Direct: (737) 310-3210
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Ave.
Ambler, PA 19002
Direct Line: (267) 468-5374
jginsburg@creditlaw.com
teamkimmel@creditlaw.com
*Counsel for Plaintiffs*

*/s/ Robert A. Schultz*
Justin Klaeb
MORTENSON TAGGART ADAMS LLP
300 Spectrum Center Drive, Suite 1200
Irvine, CA 92618

Phone: (949) 774-2224
rschultz@mortensontaggart.com
Counsel for Defendant Harmony Leads, Inc.